**R. T. STUART, Jr., Appellee,**

v.

**Sharron B. STUART, Appellant.**

**No. 49568.**

Court of Appeals of Oklahoma, Division 2.

Aug. 9, 1977.

---

Jack E. High, Larry D. Patton, Tomerlin, High, Patton & Rothbaum, Oklahoma City, for appellee.

James A. Kirk, Charles B. Lord, Linn, Helms, Kirk & Burkett, Oklahoma City, for appellant.

BRIGHTMIRE, Presiding Judge.

This is a replevin action brought by R. T. Stuart, Jr. to gain possession of some personal property held by his former wife, Sharron Stuart, which was awarded him several months earlier in a divorce decree. The record discloses that Sharron appeared by an attorney at a jury waived trial held on February 6, 1976 following which the trial court found plaintiff was entitled to relief and granted him a judgment. Sharron then hired a different attorney who moved for a new trial on the ground she received no notice of the trial and was therefore left unavoidably defenseless. From the denial of this motion Sharron appeals advancing a single proposition—that she was prevented from presenting her defense because of unavoidable casualty and misfortune.

## I

The record discloses that shortly after being served with summons in this case she hired the law firm of Linn, Helms & Kirk to represent her. It filed an answer consisting of a general denial save to admit the parties lived in Oklahoma County, Oklahoma. Nine months later that law firm filed a motion to withdraw as counsel of record and stated that defendant had obtained other counsel, who, according to defendant's postjudgment affidavit was Attorney Raymond Burger.

Following the trial Sharron evidently discharged Attorney Burger and re-employed the Linn firm because it was the latter that filed the motion for a new trial.

## II

Sharron's affidavit in support of her motion for a new trial recited, in substance, that she retained Attorney Burger as her counsel in this matter but was never notified by him that the case was set for trial on February 6, 1976; that had she known this she would have attended and testified in her own defense. She further swore that it was her "understanding upon information and belief, that no evidence was presented on her behalf . . . [and] she believes that she has a valid defense which was not presented . . . ." at trial. She added that the first she knew of the trial was when plaintiff called her six days later and told her about it.

Plaintiff filed a counter-affidavit stating that he had visited with Sharron in her home on Monday, February 2, 1976 in an unsuccessful effort to settle the case. Before leaving plaintiff told his former wife "that unless a settlement could be reached in the meantime, the whole matter would have to be settled by the Court on Friday of this week."

The parties through their counsel appeared at a hearing on the new trial motion. It does not appear that any evidence was offered by either party and the motion was overruled.

## III

In arguing that she should have been granted a new trial because of being prevented from defending by unavoidable casualty or misfortune as authorized by 12 O.S.1971 § 1031 subd. 7 she refers to and relies upon "facts" which appear for the first time in her appellate brief. For instance, in her "Statement of The Facts"— which incidentally contains no references to the record—she mentions that she and plaintiff were divorced in July 1974 and admits plaintiff's ownership of the separate property in question was judicially confirmed. Later, however, Sharron says she and plaintiff "entered into an oral agreement in order to facilitate the division of property ordered by the District Court . . . [wherein] defendant might take certain items of personal property upon her immediate relinquishment of possession of the parties' homestead. Thereupon, the defendant removed herself and the agreed upon items of personal property from said homestead." It is these items, defendant says, plaintiff seeks to replevin, and it is this "defense" that Attorney Burger failed to present at the trial.

## IV

Whether such "facts" are sufficient to entitle defendant to the relief she seeks here is quite doubtful. But what is not doubtful is that an appellate court will not hear a matter such as this de novo much less on the basis of unsworn assertions in a lawyer's brief. The place to have presented evidence of her averments was in the trial court during the hearing on the motion for a new trial. None was. Thus the charges that (1) Attorney Burger failed to notify defendant of the trial setting, and (2) he failed to properly represent her at the trial, remain nothing more than unsupported, untried and undetermined allegations which can furnish no basis for disturbing the presumptively correct adjudications of the trial court.

We hold, therefore, that there is nothing in the record to support defendant's contention that the trial court committed reversible error in the proceedings below.

Affirmed.

BACON and NEPTUNE, JJ., concur.